UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BEARD,<br><br>    Petitioner,<br><br>  vs.<br><br>WARDEN,<br><br>    Respondent. | CASE NO. CV 14-5881 GW (RZ)<br><br>ORDER SUMMARILY DISMISSING PETITION WITHOUT PREJUDICE |

    Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Because Petitioner seeks to reduce the restitution portion of his sentence, rather than to reduce his time in custody, the Court lacks habeas jurisdiction and will dismiss.

    A federal court may entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). The statute does not confer jurisdiction over a state prisoner's challenge to a restitution order imposed as part of a criminal sentence, even if the petitioner is, in fact, "in custody," and even if (unlike Petitioner here) he or she is

asserting other habeas claims that *are* cognizable.  *See Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008) ("courts have held that orders of restitution, fines and the revocation of medical and driver's licenses do not satisfy the 'in custody' requirement") (collecting cases), *cited with approval in Bailey v. Hill*, 599 F.3d 976, 981 (9th Cir. 2010) (rejecting jurisdiction where in-custody petitioner's *only* claim was a challenge to restitution fine); *cf. United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002) (ineffective assistance of counsel claim based on failure to challenge restitution fine is not cognizable basis for habeas relief because such claims do not challenge validity or duration of confinement, "whether or not the [petition] also contains other cognizable claims for release from custody") (§ 2255 motion).

        Accordingly, the Court DISMISSES the action WITHOUT PREJUDICE for lack of jurisdiction.

        IT IS SO ORDERED.

DATED:  August 5, 2014

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE